Case No.   EDCV 18-909-RSWL (KS)                                              Date: May 10, 2018

Title   *Thyrone Ryan Stewart v. CIM Warden (Borders)*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### Introduction

On April 30, 2018, Petitioner, a California state prisoner proceeding *pro se* and requesting to proceed *in forma pauperis*, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  According to the Petition, Petitioner was convicted on January 5, 2001 of "two counts of spousal battery a stay on a simple battery and for two priors that did not constitute strikes[]."  (*Id.* at 2.)  The Petition indicates that Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction April 2, 2002. (Petition at 2.)  Petitioner sought review by the California Supreme Court, which affirmed his conviction on June 12, 2002.  (*Id.*)  Petitioner then filed a habeas petition in state court with respect to the judgment, which was denied by the California Superior Court on April 2, 2002.  (Petition at 3.)  Petitioner indicates that he filed a Petition for Writ of Federal Habeas Corpus in the California Court of Appeal, but it is unclear whether that petition relates to this action or a different proceeding.[1]  He further indicates that he filed a Petition for Writ of Mandate with the California Supreme Court, but does not provide any additional information regarding that case.

### Petitioner's Previous Petitions

Petitioner first challenged his sentence in an unsuccessful petition for habeas corpus filed in this district in 2002.  (*See Thyrone Ryan Stewart v. A A LaMarque*, Case No. EDCV 02-1274-

---

[1] Petitioner appears to refer to a previous Petition for Writ of Habeas Corpus that he filed.  (*See Thyrone Ryan Stewart v. County of Riverside, et al.* (EDCV 03-1173-GHK (MAN).)  That Petition was denied without prejudice by the Honorable George H. King on November 7, 2003.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 18-909-RSWL (KS) | Date: May 10, 2018 |
| Title      *Thyrone Ryan Stewart v. CIM Warden (Borders)* | |

GHK (MAN).)  In Ground Two of that petition, he argued that the sentence, imposed under California's Three Strike's law, violated the Eighth Amendment's prohibition on cruel and unusual punishment.  (*See Thyrone Ryan Stewart v. A A LaMarque*, Case No. EDCV 02-1274-GHK (MAN).)  On March 1, 2005, the Honorable George H. King issued an order denying habeas relief and dismissing the action with prejudice.  (*Id*., Dkt. No. 23.)

On February 9, 2015, Petitioner filed another habeas petition and an application to proceed *in forma pauperis*, again challenging his sentence under California's Three Strikes Law as "illegal" and in violation of his Sixth Amendment rights and arguing that he should be eligible for resentencing under California's Proposition 36.  (See *Thyrone Ryan Stewart v. Perez*, Case No. EDCV 15-0245-GHK (MS), Dkt. No. 1.)  In that case, on February 2, 2016, the district court adopted the magistrate judge's Report and Recommendation denying habeas relief and entered judgement dismissing the action with prejudice.  (*Id*. [Dkt. Nos. 22, 23].)

On December 23, 2015, Defendant filed another Petition for Writ of Habeas Corpus, contending that his sentence is "an illegal sentence," because it is excessive and violates the Eighth Amendment's prohibition against cruel and unusual punishment.  (*See* EDCV 15-2629-GHK (KS), Dkt. No. 1 at 1.)  Petitioner also asserted that he was subject to resentencing because of an alleged "forgery" in the Amended Abstract of Judgment.  (*Id.* at 2.)  On February 8, 2016, the Honorable George H. King issued an order denying Petitioner's request to proceed *in forma pauperis* and dismissing the action with prejudice.  (*See Id.*, Dkt. No. 9.)

**The Petition Is a Second and Successive Habeas Petition**

The instant Petition, filed on April 30, 2018, contains one claim: that "the superior court refuses to understand the fact that priors that are not imposed can't be used to enhance or add to a sentence, if they weren't orally pronounced by the Judge."  (Petition at 6.)  As noted, Petitioner has raised this precise issue in prior federal habeas petitions ("Prior Federal Actions").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Here, the Court has identified a defect in the Petition that suggests it must be dismissed.

Case No.   EDCV 18-909-RSWL (KS)                                                  Date: May 10, 2018

Title      *Thyrone Ryan Stewart v. CIM Warden (Borders)*

The Petition, like the Prior Federal Actions, concerns Petitioner's 2001 conviction. State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with certain exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In the Prior Federal Actions, Petitioner sought Section 2254 relief based on the same state conviction at issue here. As noted, this Court denied the petitions in the Prior Federal Actions on March 1, 2005, February 2, 2016, and February 8, 2016. (*See* EDCV 02-1274-GHK (MAN); EDCV 15-0245-GHK (KS); EDCV 15-2629-GHK (KS)). Therefore, in order for this Court to consider a second or successive 28 U.S.C. § 2254 petition, Petitioner must first seek authorization from the Ninth Circuit for the District Court to consider the instant Petition. 28 U.S.C. § 2244(b)(3).

More importantly, it appears from an examination of the Ninth Circuit's docket that Petitioner has already attempted to do so, but the Ninth Circuit has denied his requests. On June 28, 2006, Petitioner filed an application for leave to file a second or successive petition. (*See Stewart, et al. v. Yates*, Dkt. # 06-73278, Entry # 3.) The Ninth Circuit denied Petitioner's request on August 9, 2006. (*Id.* at Entry #7.) On February 10, 2011, Petitioner filed another application for leave to file a second or successive petition with the Ninth Circuit. (*See Thyrone*

*Stewart v. The People of the State of Cal.*, Dkt. # 11-70449, Entry #1). That application was denied on April 20, 2011. (*Id.* at Entry #3.)

Accordingly, the instant Petition is barred as second or successive within the meaning of Section 2244(b). *See McNabb*, 576 F.3d at 1030 (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)."). The Ninth Circuit has explicitly barred Petitioner from filing a second or successive petition on the very issues presented here.

## Conclusion

Therefore, **Petitioner is ORDERED TO SHOW CAUSE within thirty days of this Order why the Petition should not be dismissed** as second or successive. *See* 28 U.S.C. § 2244(b)(2); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

To discharge the Order to Show Cause, Petitioner must file, no later than thirty days from the date of this Order: (1) a First Amended Petition For Writ Of Habeas Corpus that explains why his Petition is not second and successive, or (2) authorization from the Ninth Circuit to file a second and successive petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | rhw |